**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

NOV 14 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



---

LUIS NEGRETE GUTIERREZ,

        Petitioner,

  v.

MERRICK B. GARLAND, Attorney General,

        Respondent.

No. 23-3662

Agency No.
A079-638-692

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 12, 2024[**]
San Francisco, California

Before: S.R. THOMAS and MILLER, Circuit Judges, and MOLLOY, District Judge.[***]

Luis Negrete Gutierrez, a native and citizen of Mexico, petitions for review

of a decision of the Board of Immigration Appeals dismissing his appeal from an

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    [***]   The Honorable Donald W. Molloy, United States District Judge for the District of Montana, sitting by designation.

immigration judge's denial of his applications for withholding of removal and for protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings for substantial evidence; under that standard, findings are "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (quoting 8 U.S.C. § 1252(b)(4)(B)).

1. Substantial evidence supports the agency's rejection of Negrete's application for withholding of removal. Negrete claims to fear persecution on the basis of his membership in the proposed particular social group of "returning nationals who have resided in the United States for a significant period of time." That proposed social group is not cognizable under this court's precedent. *See Barbosa v. Barr*, 926 F.3d 1053, 1059–60 (9th Cir. 2019); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1151–52 (9th Cir. 2010) ("We conclude that Petitioners' proposed social group, 'returning Mexicans from the United States,' . . . is too broad to qualify as a cognizable social group."); *Ramirez-Munoz v. Lynch*, 816 F.3d 1226, 1229 (9th Cir. 2016) ("[W]e hold that the proposed group of 'imputed wealthy Americans' is not a discrete class of persons recognized by society as a particular social group.").

2. Substantial evidence also supports the denial of CAT relief. To qualify for

2                                                                      23-3662

protection under the CAT, Negrete must show that it is more likely than not that, if removed to Mexico, he will be tortured. *See Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019); 8 C.F.R. § 1208.16(c)(2). The threat of torture must be particularized. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam). And to constitute torture, harm must be inflicted by "or with the consent or acquiescence of, a public official." 8 C.F.R. § 1208.18(a)(1).

Here, the evidence does not compel the conclusion that Negrete would be subject to a particularized risk of torture. Negrete's claim relies on a chain of speculation: that gang members would recognize him after 25 years; that they would then target him; that they would harm him in a manner that would rise to the level of torture; and that the Mexican government would acquiesce in that conduct. Substantial evidence thus supports the Board's finding that Negrete's proposed causal chain does not satisfy the "more likely than not" standard.

**PETITION DENIED.**